# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JASPER MILLS, JR.,**

               **Plaintiff,**

**-vs-**                                    **Case No.  6:13-cv-122-Orl-19DAB**

**BRENT MYERS, Sheriff  of Grundy County Jail,**

               **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on Plaintiff's Response (Doc. 6) to the Court's Order to Show Cause why this case should not be transferred to the appropriate federal district court (Doc. 5).  Upon review, it is **recommended** that this cause be transferred to the Eastern District of Tennessee.

As set forth in the show cause Order, Plaintiff, proceeding *pro se*, seeks leave to proceed in forma pauperis to prosecute his "1983 Civil Complaint" against Defendant, alleged to be the Sheriff of Grundy County, Tennessee.  Construed liberally, it appears that Plaintiff is attempting to assert civil rights violations against the Sheriff, due to his treatment while confined in the County Jail in Tennessee.

According to the Complaint, in October 2009, Plaintiff was stopped by a state trooper in "Mount Eagle" [sic] for speeding.  He was detained and arrested for driving on a suspended license and for trafficking legendary drugs and was transferred to Grundy County Jail, where he was held from October 29, 2009 until February 4, 2010, "but was never photographed fingered or processed

in." Plaintiff alleges that he was arraigned November 4, 2009. He contends that this violated his Sixth Amendment right to be arraigned within 72 hours of his arrest. He complains about not being able to speak with an attorney until February 2, 2010, at which time he was released. Plaintiff alleges that his housing conditions at Grundy County Jail were inhumane and contends that his chronic medical conditions and injuries were not treated while he was there. As a result of his alleged illegal detention, Plaintiff asserts that he was unable to comply with family court orders and therefore lost his parental rights. He seeks $750,000 for "pain, suffering, mental anguish, emotional distress, and civil rights violations."

Pursuant to 28 U.S.C. § 1391:

b) Venue in general.--A civil action may be brought in--

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391.

There is no suggestion that this Tennessee sheriff resides in the Middle District of Florida or is subject to personal jurisdiction here, and the events complained of all occurred in Tennessee. Plaintiff does not contest this, but asks that the case nonetheless remain in this District because he is ill and his doctors are all here; he does not have funds to travel; and the Sheriff is popular in Tennessee and thus, Plaintiff believes he would not get a fair trial there.  While the Court is not unsympathetic to Plaintiff's circumstances, none of these reasons are sufficient to support an exercise

of jurisdiction over this out of state Defendant, regarding a matter without any connection to this forum.

"If a case is filed in the wrong district, the court must dismiss the case, or, in the interests of justice, transfer the case to any district in which it could have been brought.  28 U.S.C. § 1406(a)." *Kapordelis v. Danzig,* 387 Fed.Appx. 905, 906 (11th Cir. 2010) (affirming *sua sponte* transfer of *Bivens* action to district where the criminal prosecution had occurred).  Here, this action could have been brought, if at all,[1] in the Eastern District of Tennessee.  It is **respectfully recommended** that the matter be transferred to that Court, pursuant to 28 U.S.C. § 1406(a).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 14, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy

---

[1] The Court notes that the statute of limitations may bar the action entirely.  *See Berndt v. Tenn.,* 796 F.2d 879, 883 (6th Cir.1986) ("In all actions brought under § 1983 alleging a violation of civil rights or personal injuries, the state statute of limitations governing actions for personal injuries is to be applied. Tennessee's limitations period for actions brought under federal civil rights statutes or for personal injuries is one year.")